The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLE DEL VECCHIO, TYLER ZANDERS, KAYE HORINEK, and ROBERT NICHOLS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | No. C11-00366-RSL<br><br>STIPULATED PROTECTIVE ORDER REGARDING HANDLING OF TRADE SECRETS AND OTHER CONFIDENTIAL MATERIAL<br><br>**[PROPOSED]**<br><br>**NOTE FOR CONSIDERATION:**<br>August 27, 2012 |

THIS MATTER came before the Court on the joint motion of Plaintiffs, Nicole Del Vecchio, Tyler Zanders, Kaye Horinek, and Robert Nichols (the "Plaintiffs") and Defendant Amazon.com, Inc. ("Amazon") for entry of a Stipulated Protective Order Regarding Handling of Trade Secrets and Other Confidential Material.  Having considered the Parties' agreed motion and the other pleadings and papers filed in this matter, and in order to facilitate the production and receipt of information during discovery by the Parties to this action and to protect the confidentiality of proprietary and trade secret information and other confidential material, if any, contained in documents produced and information disclosed in this litigation:

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL  MATERIAL  - 1
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**STIPULATION**

IT IS HEREBY STIPULATED by and among the Plaintiffs and Amazon (the Plaintiffs and Amazon are each termed "Party" and collectively all are termed the "Parties"), by and through their attorneys of record, that this Court may enter the following Protective Order in this case.  This Order governs documents and information: produced by either Party or any third-party that contain personal, financial, business data, or trade secrets, if any, that is not generally available to the public.

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the Parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

1.     This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure ("FRCP"), as well as testimony adduced at trial, matters in evidence and other information which the disclosing Party designates as "CONFIDENTIAL MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any Party or any non-party witness in connection with this action.  As used herein, "Disclosing Party" shall refer to the Parties to this action or to third parties who give testimony or produce documents or other information.

2.     In designating information as "CONFIDENTIAL MATERIAL," a Disclosing Party shall make such a designation only as to its own materials which it in good faith believes are confidential.  "CONFIDENTIAL MATERIAL" shall be used by the Parties to this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL  - 2
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3. In the absence of written permission from the Disclosing Party, or an order of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties (Case No. C11-00366-RSL), and may be disclosed by the Parties only to the following persons:

   a. The attorneys working on this action on behalf of any Party, including but not limited to in-house attorneys and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

   b. Any person not employed by a Party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, including making or opposing any pretrial motion, with disclosure only to the extent necessary to perform such work;

   c. Employees of a Party who are required by such Party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

   d. Any person from whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL MATERIAL" in preparation for and during his testimony, and may not retain any "CONFIDENTIAL MATERIAL";

   e. The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

   f. Qualified reporters and videographers recording testimony involving such documents or information, and necessary stenographic and clerical personnel thereof.

4. The persons described in paragraphs 3(b), (c), and (d) shall have access to the "CONFIDENTIAL MATERIAL," only after they have been made aware of the

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 3
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

provisions of this Order and, in the case of paragraph 3(b), have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT."  A list shall be maintained by counsel for the Parties hereto of the names of all persons (except for counsel and their support personnel) to whom "CONFIDENTIAL MATERIAL" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request, other than the names of experts and consultants to whom information has been disclosed pursuant to paragraph 3(b) (if such request is made prior to the date that expert disclosures are due per the Court's scheduling order).  Nothing in this order shall be deemed a waiver of confidentiality or privilege concerning the work product or opinions of any non-testifying consultant.  The persons receiving "CONFIDENTIAL MATERIAL" are enjoined from disclosing that material to any other person, except in conformance with this Order.

5. Each individual who receives any "CONFIDENTIAL MATERIAL" hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.  Each individual (other than court personnel) who receives any "CONFIDENTIAL MATERIAL" shall be provided with a copy of this Protective Order by the person providing such material.

6. The recipient of any "CONFIDENTIAL MATERIAL" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.  "CONFIDENTIAL MATERIAL" shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 4
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions
2  shall be subject to the terms of the Order, and labeled in the same manner as the
3  designated material on which they are based.

4  7. Disclosing Parties shall designate "CONFIDENTIAL MATERIAL" as
5  follows:

6  a. In the case of documents, interrogatory answers, responses to
7  requests to admit, and the information contained therein, designation shall be made
8  by placing the following legend on every page of any such document, or portion of
9  such document, prior to production: "CONFIDENTIAL MATERIAL." In the
10 event that a Party inadvertently fails to stamp or otherwise designate a document
11 or other information as "CONFIDENTIAL MATERIAL" at the time of its
12 production, that Party may at any time thereafter stamp or otherwise designate the
13 document or other information as "CONFIDENTIAL MATERIAL." Such
14 document or other information shall be treated as designated beginning at the time
15 such designation occurs.

16 b. In the case of depositions, designation of the portion of the
17 transcript (including exhibits) which contains "CONFIDENTIAL MATERIAL"
18 shall be made by a statement to such effect on the record in the course of the
19 deposition or, upon review of such transcript, by counsel for the Party to whose
20 "CONFIDENTIAL MATERIAL" the deponent has had access, which counsel
21 shall designate within fourteen (14) days after counsel's receipt of the transcript.
22 During those fourteen (14) days, the entire deposition transcript, including
23 exhibits, shall be deemed "CONFIDENTIAL MATERIAL."

24 c. Any "CONFIDENTIAL MATERIAL produced in a non-paper
25 media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 5
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  by labeling the outside of such non-paper media as "CONFIDENTIAL
2  MATERIAL".  In the event a receiving Party generates any "hard copy,"
3  transcription, or printout from any such designated non-paper media, such Party
4  must treat each copy, transcription, or printout as designated and label it in a
5  manner effective to ensure proper treatment.

6      8. A Party shall not be obligated to challenge the propriety of a
7  "CONFIDENTIAL MATERIAL" designation at the time made, and failure to do so shall
8  not preclude a subsequent challenge thereto during the pendency of this litigation.  In the
9  event that any Party to this litigation disagrees at any stage of these proceedings with such
10 designation, such Party shall provide to the producing Party written notice of its
11 disagreement with the designation.  The Parties shall first try to resolve such dispute in
12 good faith on an informal basis.  If the dispute cannot be resolved, the Party challenging
13 the designation may request appropriate relief from the Court, but in any event, such relief
14 from the Court shall not be requested before ten (10) days after the producing Party is
15 served with said written notice.  The burden of proving that information has been properly
16 designated as "CONFIDENTIAL MATERIAL" is on the Party making such designation.

17     9. Documents containing "CONFIDENTIAL MATERIAL" of any Party shall
18 not be filed with the Court unless it is necessary to do so for purposes of trial, substantive
19 motions, including without limitation, motions for preliminary injunction or summary
20 judgment, or other Court matters.

21     10. The Parties will comply with Local Rule 5(g) in regard to filing documents
22 under seal, in the following manner.  Any Party filing with the Court (whether in
23 pleadings, declarations, exhibits, or otherwise) "CONFIDENTIAL MATERIAL"
24 designated by another Party will,  prior to or contemporaneously with such filing, file a
25 *pro forma* motion to seal any "CONFIDENTIAL MATERIAL" without being required to

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL  MATERIAL  - 6
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  support the motion. Such a motion to seal shall be noted for consideration on the second
2  Friday after filing in accordance with Local Rule CR 7(d)(2)(C). The non-moving Party
3  will then have the right and ability to support the motion to seal by making the showing
4  required by Local Rule 5(g) by filing a response in support of the motion to seal no later
5  than the Wednesday before the note date. The Party filing the *pro forma* motion to seal
6  retains the right to oppose the motion, and may do so by filing a brief on or before the
7  note date.

8  11.  "There is a strong presumption of public access to the court's files. With
9  regard to dispositive motions, this presumption may be overcome only on a compelling
10  showing that the public's right of access is outweighed by the interests of the public and
11  the parties in protecting the court's files from public review. With regard to
12  nondispositive motions, this presumption may be overcome by a showing of good cause
13  under Rule 26(c)." Local Rule CR 5(g)(2). Parties seeking an order to seal or redact any
14  documents must provide a specific description of particular content that they seek to
15  protect and "a clear statement of the facts justifying sealing and overcoming the strong
16  presumption in favor of public access." Local Rule CR 5(g)(4). Designation of
17  documents as "CONFIDENTIAL MATERIAL" by the Parties has no bearing on whether
18  the Court will grant motions to seal such documents.

19  12.  If a motion to seal is granted by the Court, the filing Party must place the
20  words "Sealed per court order filed (date)" in the caption of any document to be sealed.
21  The filing Party must then comply with the procedures for filing a sealed document
22  electronically or, if otherwise exempt from the electronic filing requirements, place the
23  sealed document in a manila envelope marked "FILED UNDER SEAL" on the outside
24  before delivering it to the clerk for filing. Local Rule CR 5(g)(7).

25

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 7
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1. 13. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any Party which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL" including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information, **PROVIDED** that such documents are ordered sealed by the Court or are the subject of a pending motion to seal. The Party filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal. A complete, unredacted set of documents filed under seal shall be provided by the filing Party to opposing counsel the same day the documents are filed.

2. 14. Notwithstanding the designation as "CONFIDENTIAL MATERIAL" of any testimony, evidence, and other matters, as provided above, and notwithstanding the protection of documents as provided above, said documents, testimony, evidence and matters shall not, in fact, be deemed confidential and shall not be subject to this Order, if the content and/or substance thereof:

   a. is, at the time of disclosure, in the public domain by publication or otherwise;

   b. becomes at any time, through no act or failure to act on the part of the recipient Party, part of the public domain by publication or otherwise;

   c. is already in the possession of a Party at the time of disclosure by the other Party and was not acquired in the course of this litigation directly or indirectly from the Disclosing Party; or

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 8
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

        d.   is made available to a Party by a third party who obtained the same by legal means and without any obligation of confidence to the Party claiming its confidential nature.

15.   In the event that any "CONFIDENTIAL MATERIAL" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

16.   If "CONFIDENTIAL MATERIAL" is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating Party and, without prejudice to any other rights and remedies of the Parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

17.   Nothing in this Order shall preclude any Party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the Party's own files which the Party itself has designated as "CONFIDENTIAL MATERIAL."

18.   In the event any receiving Party having possession, custody or control of any "CONFIDENTIAL MATERIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving Party shall notify counsel for the producing Party or third party of

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 9
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the subpoena or other process or order, furnish counsel for the producing Party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing Party or third party whose interests may be affected. The producing Party or third party asserting the "CONFIDENTIAL MATERIAL" treatment shall have the burden of defending against such subpoena, process or order. The Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing Party or third party asserting the "CONFIDENTIAL MATERIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

19. Within sixty (60) days of the termination of litigation between the Parties, all "CONFIDENTIAL MATERIAL" and all copies thereof (except for those maintained by the Court), shall be returned to the Party which produced it or shall be destroyed (with accompanying certification of destruction), at the election of the opposing Party. Counsel for each Party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

20. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

21. This Protective Order is without prejudice to the right of any Party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

22. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 10
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

23.     The Court may change the terms of this Protective Order on its own motion after notice to the Parties and an opportunity to be heard.

**SO ORDERED** this ____ day of _____, 2012.

_____
The Honorable Robert S. Lasnik
United States District Court Judge

*Presented by:*

K&L GATES LLP

By /s David A. Bateman
David A. Bateman, WSBA #14262
Samuel R. Castic, WSBA #39301
Andrew C. Glass, admitted *pro hac vice*
Attorneys for Defendant
Amazon.com, Inc.

Law Offices of Clifford A. Cantor, P.C.

By /s Clifford A. Cantor
Clifford A Cantor, WSBA #17893
Attorney for Plaintiffs Nicole Del Vecchio,
Tyler Zanders, Kaye Horinek, and Robert Nichols

Kamber Law, LLC

By /s Scott A. Kamber
  Scott A. Kamber, admitted *pro hac vice*
  Grace E. Tersigni, admitted *pro hac vice*
  David A. Stampley, admitted *pro hac vice*
Attorneys for Plaintiffs Nicole Del Vecchio,
Tyler Zanders, Kaye Horinek, and Robert Nichols

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 11
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER REGARDING HANDLING OF TRADE SECRETS AND OTHER CONFIDENTIAL MATERIAL which was entered by the Court on _____ \_\_\_, 2012 in *Del Vecchio v. Amazon.com Inc.,* Case No. C11-00366-RSL, in the United States District Court, Western District of Washington, at Seattle, in that he/she is one of the persons contemplated in paragraphs 3 and/or 4 thereof as authorized to receive disclosure of information designated "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," by either of the Parties or by non-parties, and that he/she has read and fully understands and agrees to abide by the obligations and conditions of the Protective Order.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 12
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                         s/ David A. Bateman
                                         David A. Bateman

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING HANDLING OF TRADE SECRETS
AND OTHER CONFIDENTIAL MATERIAL - 13
Case No. C11-00366-RSL
K:\2040741\00273\20332_DAB\20332P24SV

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022