1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE DEL VECCHIO, *et al.*,

        Plaintiffs,

     v.

AMAZON.COM, INC.,

        Defendant.

Case No. C11-366RSL

ORDER GRANTING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER

      This matter comes before the Court on Defendant's "Motion for Protective Order"
(Dkt. # 76).  It asks the Court to enter an order precluding it from having to comply with
Plaintiffs' request for production of "all documents concerning Amazon's P3P Compact
Policy and any modifications made to the same."  The Court GRANTS the request.

      The question in this case is not one of general relevance.  Instead, as both parties
acknowledge, it is a question of whether Plaintiffs' request falls within the narrow bounds
of the limited discovery authorized by the Court.  See Dkt. # 72.  A brief tracing of the
history of this case makes clear that it is not.  Plaintiffs filed their original complaint in
March 2011.  Dkt. # 1.  In it, they asserted various claims against Defendant, each related
to Defendant's alleged placement of "cookies" on their computers without their
knowledge or consent.  Id.  And in response to Defendant's subsequent motion to dismiss
(and in order to distinguish governing case law), Plaintiffs clarified their position, stating:
"Plaintiffs . . . do not allege that misstatements and omissions in Amazon's Privacy
Notice and Terms of Use caused them injury.  Instead, Plaintiffs allege that Amazon's

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

deceptive conduct occurred before plaintiffs could ever read Amazon's Privacy Notice and its Terms of Use." Dkt. # 52 at 35–36 (emphasis omitted) (distinguishing Minnick v. Clearwire US, LLC, 683 F. Supp. 2d 1179, 1188 (W.D. Wash. 2010), wherein the "court dismissed false-advertising claims under [Washington's Consumer Protection Act ("CPA")] because plaintiffs' allegations were conclusory, contradicted by defendants' website disclosures, and plaintiffs failed to allege that they viewed any statements in issue" (emphasis added)).

In its ensuing Order, the Court noted the frailty of that argument.  The CPA requires a specific showing of injury to business or property to state a claim.  Hangman Ridge Training Stables, Inc., v. Safeco Title Ins. Co., 105 Wn.2d 778, 792 (1986).  And, under Plaintiffs' own theory, their injury stemmed from Defendant's obtainment of information related to their use of Defendant's site.  See Dkt. # 58 at 9.  Accordingly, the Court dismissed their claim.  Id. at 9–10.

Plaintiffs filed an amended complaint shortly thereafter.  Dkt. # 61.  And, again, Defendant promptly filed a motion to dismiss each of Plaintiffs' claims.  Dkt. # 62.  As to two of Plaintiffs' claims, the Court agreed with Defendant.  E.g., Dkt. # 72 at 16–17.  It found that Plaintiffs had not plausibly alleged that they suffered any loss to the value of their information or any loss of computer assets, noting, "Not one Plaintiff alleges that he or she experienced any noticeable difference in his or her computer's performance traceable to Defendant's actions." Dkt. # 72 at 7–8.  And finding that Plaintiffs had failed to make sufficient allegations after multiple attempts and warnings, the Court dismissed those two claims with prejudice.

As to Plaintiff's remaining CPA and unjust enrichment claims, the Court found the issue of authorization dispositive and noted that "Defendant's 'Conditions of Use and Privacy Notice' appear to notify visitors that it will take the very actions about which Plaintiffs now complain:  place browser and Flash cookies on their computers and use those cookies to monitor and collect information about their navigation and shopping

1   habits." Id. at 12.  Nevertheless, in deference to Plaintiffs' argument that "Amazon's

2   disclosures, even if they accurately depicted Amazon's activities, are not prominent

3   enough to put a reasonable user on notice of them," Dkt. # 67 at 13–14 (emphasis added),

4   the Court agreed to allow Plaintiffs the opportunity to conduct "[l]imited discovery

5   concerning Defendant's conditions and notice, their location on Defendant's site, and

6   each Plaintiffs' use of Defendant's site."  Dkt. # 72 at 10–13.

7           Plainly, Plaintiffs' request falls outside the scope of that limited

8   opportunity.  The Court authorized discovery concerning Plaintiffs' objection to

9   Defendant's notice and conditions, not its Compact Policy.  The reason is simple:

10  the Court has already found that Plaintiffs failed to allege sufficient facts to state a

11  plausible case of injury on account of injury to their computer assets. Dkt. # 72 at

12  7–8.  Accordingly, the only basis of possible CPA "injury" left is their allegations

13  regarding their private information.  And, as also already discussed, this loss is not

14  attributable to Plaintiffs visiting of Defendant's site, it is attributable to their use of

15  its site—a reality Plaintiffs had previously acknowledged.  See id. at 12 n.9

16  ("Given the issue of causation identified by the Court in its previous Order,

17  Plaintiffs appear to have abandoned their contention that their injury occurred as

18  soon as they navigated to Defendant's site and cookies were transferred to their

19  computer.").  The Court will not permit Plaintiffs to avoid the natural implications

20  of their own arguments.  Their claim is dependant on the applicability of

21  Defendant's notice and conditions and thus, as the Court previously ordered,

22  discovery is limited at this time to that issue.

23          For all of the foregoing reasons, the Court GRANTS Defendant's motion.

24          DATED this 4th day of September, 2012.

25                                          Robert S. Lasnik
                                            United States District Judge

26

ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 3